IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VINCENT CULLIVER,

    Plaintiff,

v.                                                    CASE No. 3:21-cv-4942-MCR-GRJ

BP EXPLORATION & PRODUCTION
INC. and BP AMERICA PRODUCTION
COMPANY,

    Defendants.
_____/

## O R D E R

Pending before the Court is Plaintiff's Motion for Leave to Exceed CMO Discovery Limits. ECF No. 30. Defendants have filed a response in opposition, ECF No. 37, and, therefore, this matter is ripe for consideration.

Without specifying what additional information Plaintiff needs, Plaintiff requests leave to serve twenty-five (25) additional interrogatories and thirty-five (35) additional requests for production. Plaintiff says that the additional discovery requests will not be unreasonably cumulative or duplicative. According to Plaintiff, the additional discovery would not only be applicable to Plaintiff, but also to other class member plaintiffs, and non-class members, who allege medical claims against the Defendants arising from the Deepwater Horizon Incident. Other than that description Plaintiff's

motion is devoid of any hint as to the nature or relevancy of the additional discovery.

Early on in February 2021 the Court set the parameters for discovery in the Court's Case Management Order ("CMO"). Master docket ECF No. 138. The CMO was filed in this case on December 30, 2021, ECF No. 15, and since then has controlled case management issues, including the limits on serving interrogatories and requests for production. In the CMO the Court limited each party to 25 interrogatories and 35 requests for production. The limit was established as a case management tool so the parties could fairly and efficiently litigate the claims in approximately 500 cases that were transferred to this district. The limit was not arbitrary or without purpose but rather recognized the limited issues that remained to be litigated after these cases were transferred to this district.

Case management and scheduling orders are not meant to be advisory or aspirational. That is why the law requires a party to show "good cause" for modifying a scheduling order. Under Rule 16 of the Federal Rules of Civil Procedure, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys.,*

*Inc.,* 133 F.3d 1417, 1418 (11th Cir.1998) (citations and internal quotation marks omitted).

While the Court fully appreciates that Plaintiff's counsel may want to expand the limits on written discovery, the fundamental problem with Plaintiff's motion is that Plaintiff fails to specify what additional relevant information is sought that is necessary. And without identifying what additional information Plaintiff seeks it is impossible for the Court to determine whether the additional discovery is information Plaintiff could not already have obtained either in this case or in one of the many other pending BELO cases. In the complete absence of any specificity identifying what additional areas of discovery are necessary and why those areas of additional discovery are needed the Plaintiff has failed to demonstrate good cause for expanding the Court's well thought out limits on discovery contained in the CMO.

Where, as here, a party fails to identify the additional relevant discovery that is needed courts have not been reluctant to deny such open-ended requests for unidentified discovery. *See, Rhoads v. Boehringer Ingelheim Pharms.,* Case No. 3:19cv3254-MCR/EMT, 2020 U.S. Dist. LEXIS 151197 *5 (N.D. Fla. May 6, 2020); *Mitchell v. Ford Motor Credit Co.,* Case No. 3:96-cv-447-J-32HTS, 2009 U.S. Dist. LEXIS 123949 *6-6

(M.D. Fla. Feb. 23, 2009)(denying motion for additional discovery because the request did not delineate very specific limited areas of inquiry). The same applies here. In the absence of identifying what additional relevant information Plaintiff seeks, Plaintiff's open-ended motion to expand arbitrarily written discovery limits on interrogatories and requests to produce is due to be denied for failing to demonstrate good cause.

Accordingly, upon due consideration, it is **ORDERED**:

Plaintiff's Motion for Leave to Exceed CMO Discovery Limits, ECF No. 30, is **DENIED**.

**DONE AND ORDERED** this 16th day of September 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge